# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATIVIDAD GUTIERREZ, | ) | 12-cv-2003 LJO GSA |
| Plaintiff, | ) | |
| v. | ) | |
| MIRIAM J. ROLAND, as Trustee Under Declaration of Trust Dated August 5, 1991 in Which She is Named as Miriam Roland; BERNADO CARREON dba COYOACAN MEXICAN RESTAURANT, | ) | ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT |
| Defendants, | ) | (Document 18) |

## INTRODUCTION

On May 17, 2013, Plaintiff, Natividad Gutierrez ("Plaintiff") filed a Motion for Leave to File a First Amended Complaint (Hereinafter, "FAC"). The hearing is set for June 21, 2013. Pursuant to Local Rule 230 (c), Defendants, Miriam J. Roland, as Trustee Under Declaration of Trust Dated August 5, 1991, in Which She is Named as Miriam Roland, and Bernado Carreon doing business as Coyoacan Mexican Restaurant (collectively "Defendants") were required to file an opposition no later than June 7, 2013. *See*, Local Rule 230 (c). To date, no opposition has been filed. Accordingly, the Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230 (c) and (g). The hearing set for June 21, 2013, at 9:30 a.m. is VACATED. Plaintiff's motion is GRANTED.

## BACKGROUND

This case was filed on December 7, 2012 by Plaintiff alleging violations of Title III of the

1

American with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, and related California law claims. Plaintiff alleges Defendants failed to remove barriers at Coyoacan Mexican Restaurant, a restaurant allegedly owned and/or operated by Defendants, which located at 4315 East Shields Avenue in Fresno, California (the "Facility"). Plaintiff is a disabled individual who must use a wheelchair when traveling about in public. Plaintiff alleges the facility fails to comply with Title III of the ADA, as well as other state laws.

Through this motion, Plaintiff seeks leave to file a FAC which adds additional barriers that were identified during a site inspection which took place on April 16, 2013. The FAC also seeks to remove Plaintiff's second cause of action brought under the California Disabled Persons Act, Cal. Civ. Code § 54. The scheduling order in this case set a deadline of May 17, 2103, for filing an amended pleading, therefore, the motion is timely. (Doc. 16).

## **DISCUSSION**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2). Here, Defendants filed a responsive pleading to Plaintiffs' FAC so leave of the court is required.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."
> *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th

Cir. 1984).

The Court has examined all of the factors listed above. Given Defendants have not filed an opposition, leave to amend will be granted. Plaintiff's amendments appear reasonable and there is no evidence that the amendment will cause undue delay or that it will cause prejudice to Defendants. Similarly, there is nothing to suggest that the amendment was made in bad faith. The amendment simply adds additional barriers and removes a state law cause of action.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED :

1) Plaintiff's Motion for Leave to File a FAC is GRANTED. The FAC is deemed filed and served as of the date of the signing of this Order;

2) For purposes of clarifying the record, the Clerk of the Court is directed to file the FAC as a separate entry on the docket. (Doc. 18-2);

3) Defendants' Answers are due 21 days after the date of this order.

IT IS SO ORDERED.

Dated:  **June 12, 2013**                    /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE